WATTSON et al. v. SCAMMELL et al.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

INJUNCTION—MOTION TO DISSOLVE—APPEAL—REVIEW ON THE MERITS.

    Where no harm can result from the continuance of a temporary injunction, and the rights of the parties can only be determined by trial before the court having the witnesses before it, the appellate court will not, on an appeal from an order refusing to dissolve the injunction, express an opinion upon the merits of the controversy, derived from an inspection of the affidavits of the witnesses.

Appeal from special term, New York county; ABRAHAM H. LAWRENCE, Justice.

Motion by Frederick E. Scammell and others to vacate a preliminary injunction awarded against them in favor of John B. Wattson and others, restraining defendants from interfering with the management of a certain vessel by plaintiffs. The motion denied, and defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wing, Shoudy & Putnam,* (*Alex. Tison,* of counsel,) for appellants. *William R. Wilder,* for respondents.

PER CURIAM. There does not seem to be any propriety in the court passing upon the merits of the controversy upon this appeal. No harm can result by the continuance of the injunction, and the parties have had numerous opportunities to try the case upon its merits at the special term; and it is only upon such a trial that the rights of the parties can be determined. The rights of the parties may depend upon the conclusions arrived at upon the consideration of contradictory evidence; and by this appeal an attempt appears to be made to forestall the court which will have the witnesses before it, by procuring an expression of opinion upon these disputed questions, derived from an inspection of the affidavits of the witnesses. Knowing, as we do, how differently oftentimes a witness swears as to the same subject-matter in an affidavit from what he does when examined in open court, we do not think we should pass upon the merits of this controversy, where no substantial right can be involved, and where the rights of the parties can only be determined after a trial before the court. The order appealed from should be affirmed, without costs, and the order entered hereon should state that the merits of the controversy have not been considered.